JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709
ANDREW KEENAN
Assistant United States Attorney
400 South Virginia Street, Suite 900
Reno, Nevada  89501
(775) 784-5438
Andrew.Keenan@usdoj.gov

*Representing the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 3:22-mj-00137-CLB |
| Plaintiff, | CRIMINAL COMPLAINT |
| v. | VIOLATION: |
| TRISTON HARRIS STEINMAN, | Title 18 U.S.C.§§ 922(g)(1) and 924(a)(2) – Felon in Possession of Ammunition |
| Defendant. | |

BEFORE the Honorable Carla L. Baldwin, United States Magistrate Judge, Reno, Nevada, the undersigned complainant being first duly sworn states:

COUNT ONE
Felon in Possession of Ammunition
18 U.S.C. §§ 922(g)(1), 924(a)(2))

On or about August 12, 2022, in the State and Federal District of Nevada,

TRISTON HARRIS STEINMAN,

defendant herein, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, that is: Assault in the Third Degree, in the

1

Superior Court of Washington for Pierce County, on or about January 5, 2018, case number 16-1-04197-S; knowingly possessed ammunition, that is: Blazer/CCI ammunition, said possession being in and affecting interstate commerce and said ammunition having been shipped and transported in interstate commerce, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

Complainant as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives states there is probable cause to arrest the above-named defendant as set forth in the attached affidavit.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Zachary Trzesniewski, being duly sworn, hereby state as follows:

### INTRODUCTION

1.      This Affidavit is made in support of a Criminal Complaint and Arrest Warrant charging **TRISTON STEINMAN** (**"STEINMAN"**) with felon in possession of ammunition, in violation of Title 18, United States Code, Section 922(g)(1) ("**Target Offense**").

2.      The facts and information set forth in this affidavit are based on my personal observations, my training and experience, and, as specifically attributed below, information obtained from law enforcement officers and witnesses.  To the extent that any information in the affidavit is not within my personal knowledge, it has been made available to me through reliable law enforcement sources, and I believe such information to be true.  This affidavit is made for the sole purpose of demonstrating probable cause for the issuance of the requested complaint and does not purport to set forth all my knowledge of, or investigation into, this matter.  In addition, where I report information I learned from others or from reviewing documents and reports prepared by others, such information is recounted in sum and substance and in relevant part.

### AFFIANT BACKGROUND

3.      I am a Special Agent ("SA") with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have so been sworn since December of 2020. I am presently assigned to the ATF Reno Satellite Office in Reno, Nevada.  I am a law enforcement officer of the United States within the meaning of Title 18, United States

1

Code, Section 2510(7). During my tenure as a Special Agent, I have completed Criminal Investigation Training Program ("CITP"), as well as the ATF Special Agent Basic Training ("SABT"), at the Federal Law Enforcement Training Center in Glynn County, Georgia ("FLETC").

4.      Prior to my tenure as a Special Agent, I was trained at the California Highway Patrol ("CHP") Academy in Sacramento, California, and subsequently was employed as a police officer with the CHP for approximately eight years. During my last five years of employment with the CHP, I was assigned to the ATF Oakland Crime Gun Enforcement Team in September 2015 and was sworn in as a Federal Task Force Officer ("TFO") from March 2016 to December 2020.

5.      As an ATF Special Agent and Task Force Officer, I have conducted and participated in state and federal investigations—as well as assisted in the prosecution—involving homicides, violent firearm crimes, robberies, criminal street gangs, unlawful possession of firearms, firearms trafficking, Federal Firearm Licensee (FFL) burglaries, arsons, explosives investigations, unlawful controlled substance trafficking, and fraud. During these investigations, I have utilized various types of investigative techniques, including conducting electronic surveillance; using undercover agents and informants; and conducting controlled purchases of firearms and controlled substances from suspects. I have participated in physical surveillance operations and in the execution of state and federal arrests and search warrants.

6.      In addition to utilizing the aforementioned investigative techniques, I have been required during these investigations to analyze information resulting from traditional record searches, pen registers and trap and trace devices, financial records, utility records,

2

forensic cellular phone downloads, forensic social media downloads, forensic Google Account downloads, and telephone toll and subscriber records.

7.     In addition, I have received 80 hours of training from Presley Institute of Criminal Investigation (ICI) for homicide investigation, 80 hours of training from the CHP Drug Recognition Expert (DRE) investigation course, 40 hours of training from the ATF Advanced Investigative Techniques Branch, and 40 hours of training for ATF Crime Gun Enforcement (CGET).

## FACTS ESTABLISHING PROBABLE CAUSE

### STEINMAN's Felony Conviction

8.     I have reviewed a criminal history report for STEINMAN, which revealed that STEINMAN was previously convicted of a felony punishable by imprisonment for a term exceeding one year.

9.     On January 5, 2018, STEINMAN was convicted of Assault in the Third Degree, a felony, which is punishable up to a five-year term in the State of Washington.

### Traffic Stop

10.     On August 12, 2022, at approximately 3:51 p.m., a Nevada Highway Patrol (NHP) trooper was traveling northbound on US 93, at mile marker 56, in Elko County, Nevada, which is located in the District of Nevada.  The NHP trooper observed a BMW sedan traveling southbound on US 93, which the trooper visually estimated the BMW's speed to be over the posted speed limit.  The NHP trooper activated the radar system, in the front moving-opposite direction mode, and verified the BMW's speed to be 89 MPH in a 70 MPH zone.  After activating the patrol vehicle's emergency lights, the NHP trooper made a U-turn in the patrol vehicle, and conducted an enforcement stop on the BMW.

3

11.    The NHP trooper exited their patrol vehicle and contacted the driver, who was the sole occupant of the vehicle.  During the traffic enforcement stop, the driver and sole-occupant identified himself with a Washington Driver License as Triston STEINMAN (DOB: 05/27/19xx).  The NHP trooper requested Steinman's vehicle registration, and STEINMAN produced a Washington vehicle registration for the BMW.  When STEINMAN produced the BMW's vehicle registration, the NHP trooper observed a green ammunition box on the front passenger floorboard of the BMW.  The NHP trooper asked STEINMAN if there were any firearms inside the vehicle.  STEINMAN related there were not any firearms in the vehicle.  The NHP trooper asked STEINMAN if there was any ammunition inside the BMW, and STEINMAN related there was ammunition inside the vehicle.

12.    The NHP trooper returned to the patrol vehicle and began to verify STEINMAN's driver license information and the BMW's vehicle registration.  The NHP trooper returned to the BMW and requested STEINMAN's vehicle insurance.  STEINMAN stated his girlfriend was sending him the BMW's insurance.  The NHP trooper requested STEINMAN step out of the BMW.  STEINMAN initially refused.  After a short conversation, STEINMAN stepped out of the BMW and walked back to the NHP trooper's patrol vehicle.

13.    After STEINMAN provided the proof of insurance for the BMW, the NHP trooper requested dispatch perform a criminal history check on STEINMAN.  After the NHP trooper received STEINMAN's criminal history, he reviewed it.  The NHP trooper requested dispatch to verify any felony convictions.

4

14.    The NHP trooper told STEINMAN he wanted to search the BMW and requested STEINMAN's consent to search the vehicle. STEINMAN refused the consent to search the BMW and made reference to their being no ammunition in the green ammunition box on the floorboard of the BMW.

15.    Dispatch advised the NHP trooper that STEINMAN did have a felony conviction.

16.    The NHP trooper issued traffic citation to STEINMAN.

17.    Based in part on the ammunition box observed—in plain view—on the floorboard of the BMW, the statements of STEINMAN, and STEINMAN being a convicted felon, the NHP trooper had the BMW towed and sought a state search warrant to search the vehicle.

18.    A NHP sergeant arrived on the scene of the traffic stop and sealed the BMW with evidence tape. The NHP sergeant told STEINMAN he was no longer detained but offered STEINMAN a courtesy transport. STEINMAN refused the courtesy transport and walked away from the scene of the traffic stop.

State Search Warrant

19.    Continuing on August 12, 2022, at approximately 7:52 p.m., a NHP trooper obtained a state search warrant signed by Justice of the Peace Judge Kenneth Calton, for the search of the BMW driven by STEINMAN.

20.    During the execution of the state search warrant on the BMW driven by STEINMAN, the following items were recovered by law enforcement: approximately 38 privately made/manufactured firearms (PMF), miscellaneous rounds of ammunition, multiple miscellaneous firearms parts and tools, including suspected silencers,

5

approximately 7 pounds of suspected marijuana, approximately 36 syringes containing suspected THC, and approximately $12,500 cash. (See photograph below.)



21.    Among the items described above, Blazer/CCI ammunition was recovered from the above-described BMW vehicle.

Ammunition Traveling in Interstate Commerce

22.    An ATF interstate nexus expert reviewed photographs of the ammunition recovered in the BMW and determined the Blazer/CCI ammunition was not manufactured in the state of Nevada and therefore had to have traveled through interstate commerce before coming into STEINMAN's possession in the District of Nevada.

**CONCLUSION**

23.    Based on the above information, I believe there is probable cause that STEINMAN unlawfully possessed and ammunition, in violation of the Target Offense.

6

on August 12, 2022, in the District of Nevada and elsewhere, a violation of Title 18, United

States Code, Section 922(g)(1).  Accordingly, I respectfully request that a complaint and a

warrant for the arrest of STEINMAN be issued.


ZACHARY TRZESNIEWSKI
Special Agent
Bureau of Alcohol, Tobacco, Firearms and
Explosives


Sworn to me by reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1
and 4(d) on this _27th_ day of October, 2022.


THE HONORABLE CARLA L. BALDWIN
UNITED STATES MAGISTRATE JUDGE

7